IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BILLINGS CLINIC,<br><br>     Plaintiff,<br><br>vs.<br><br>AMERICAN GUARANTEE AND<br>LIABILITY INSURANCE<br>COMPANY,<br><br>     Defendant. | CV 21-32-BLG-SPW-TJC<br><br><br>ORDER ADOPTING<br>MAGISTRATE'S FINDINGS<br>AND RECOMMENDATIONS |

United States Magistrate Judge Cavan filed Findings and Recommendations on Plaintiff Billings Clinic's Motion for Remand on November 9, 2021. (Doc. 24). The Magistrate recommended that Billings Clinic's Motion be denied. (Doc. 24 at 2). Billings Clinic objected to Judge Cavan's Findings and Recommendations on November 22, 2021. (Doc. 25). Defendant American Guarantee and Liability Insurance Company ("AGLIC") responded to the objection on December 6, 2021. (Doc. 26). The matter is deemed ripe and ready for adjudication. For the following reasons, the Court adopts Judge Cavan's Findings and Recommendations in full and denies Billings Clinic's Motion.

1

## I.    RELEVANT BACKGROUND

Neither party objected to Judge Cavan's factual findings. As such, those findings are repeated here for convenience.

This action concerns insurance coverage for lost business income resulting from the COVID-19 pandemic and the related government orders either suspending or limiting business operations. Billings Clinic is a non-profit health care system organized under Montana law, and serves Montana, Wyoming and the western Dakotas, with its principal place of business in Billings, Montana. AGLIC is an insurance company organized and existing under New York law, with its headquarters in Schaumburg, Illinois, and is licensed and authorized to do business in Montana.

AGLIC issued an all-risk "Zurick EDGE Healthcare Policy" to Billings Clinic for the period of July 1, 2019 to July 1, 2020, which provides up to $650,000,000 for covered losses. In April 2020, Billings Clinic initiated a claim under the Policy for losses arising out of the COVID-19 pandemic. Billings Clinic alleges AGLIC has improperly withheld coverage proceeds, and therefore, filed this action in Montana state court, asserting claims for breach of contract and declaratory judgment.

AGLIC removed the suit to this Court. Billings Clinic now moves to remand on the basis of the Policy's forum selection clause.

2

Section 6.09 of the Policy provides:

JURISDICTION
Any disputes arising hereunder will be exclusively subject to the jurisdiction of a court of competent jurisdiction within the USA.

(Doc. 8 at 86).

## II.    LEGAL STANDARD

A party is entitled to *de novo* review of those portions of Judge Cavan's Findings and Recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm

3

conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## III.   DISCUSSION

In their motion to remand, Billings Clinic argued that the case should be remanded back to the state court because the Policy's forum selection clause effectively waived AGLIC's right to remove the lawsuit. Judge Cavan disagreed and found that the Policy's forum selection clause did not constitute a waiver of AGLIC's removal right. Instead, Judge Cavan determined that the clause "plainly states that any dispute arising under the Policy will be litigated in the United States, in a court with subject matter jurisdiction over the dispute and personal jurisdiction over the parties. It does not suggest that AGLIC is waving its removal rights, that Billings Clinic has the right to choose venue, or otherwise establish a specific venue." (Doc. 24 at 9).

Billings Clinic objected to Judge Cavan's Findings and Recommendations asserting that (1) Judge Cavan erred because AGLIC could have included terms reserving the right to remove in the forum selection clause but failed to do so, and (2) Judge Cavan erred because the plain terms of the clause required AGLIC to submit to the jurisdiction of the court chosen by Billings Clinic. AGLIC responded that the right to removal is a statutory right and requires no express contractual reservation to enforce. AGLIC also argued that Judge Cavan's interpretation of the

4

forum selection clause was correct based on the plain language employed and this Court should therefore adopt Judge Cavan's recommendations.

Neither party contests that federal subject matter jurisdiction exists in this case based on diversity of parties and the amount in controversy. The Court agrees and finds that diversity jurisdiction exists under 28 U.S.C. § 1332 as Billings Clinic (Montana) and AGLIC (Illinois) are citizens of different states and the amount in controversy exceeds $75,000.

### A. *Whether AGLIC needed to Expressly Reserve its Right to Removal in the Policy's Forum Selection Clause.*

Billings Clinic asserts that AGLIC's failure to include language reserving the right to removal in the forum selection clause constituted a waiver of that right and that Judge Cavan erred in failing to consider this argument. In support, Billings Clinic cites to *Kaul v. State Farm Mut. Auto. Ins. Co.*, 482 P.3d 1196 (Mont. 2021), in which the Montana Supreme Court considered whether insurance coverage applied to damage to plaintiffs' RV. Billings Clinic specifically offers language from the opinion that "[o]ne such rule is that when an insurance carrier 'could have provided' language in 'the Policy,' but did not do so, the insurance carrier may not interpret the policy as if it had included the disputed language." (Doc. 25 at 3) (quoting *Kaul*, 482 P.3d at 1204-05). However, this language comes from the opinion's dissent authored by Justice McKinnon, not from the case's actual holding. Billings Clinic also cites several federal court opinions determining

5

that, based on the insurance policy language present before those courts, had the insurer wished to preserve its right to removal, the insurer could have expressed that in the policies and the failure to do so was held against the insurer. This Court finds Billings Clinic's argument unpersuasive.

The right of removal to federal court is found in 28 U.S.C. § 1441(a) which states:

> Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

A party may waive this right to removal either through actions taken in state court proceedings or through contractual agreements such as forum selection clauses. *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (discussing litigation-based waivers); *Docksider, LTD v. Sea Technology, LTD*, 875 F.2d 762, 763-64 (9th Cir. 1989) (discussing forum selection clause waivers). For litigation-based waivers, the waiver must be clear and unequivocal. *Resolution Trust*, 43 F.3d at 1240.

It is less clear what standard applies to forum selection clause waivers. It appears that the Ninth Circuit demands less than a clear and unequivocal waiver and a party may implicitly waive their right to remove based on the language employed in a clause as determined through the general principles of contract

6

interpretation. *See City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1308-09 (9th Cir. 2019) (holding that a forum selection clause unambiguously restricted litigation to a state court despite the lack of an express waiver of the right to remove); *WOF SW GGP 1, LLC v. Quasar Energy Group, LLC*, 2019 WL 3763768, at *5 (D. Or. June 3, 2019); *Bastami v. Semiconductor Components Industries, LLC*, 2017 WL 1354148, at *4 (N.D. Cal. April 13, 2017). A contract's terms govern its interpretation when those terms are clear and explicit. *Heggem v. Capitol Indem. Corp.*, 154 P.3d 1189, 1193 (Mont. 2007). A court cannot ignore clear, unambiguous language nor create ambiguities where none exist. *Id.*

Under those principles of contract interpretation, the Court finds that the plain language of the Policy's forum selection clause does not constitute an implicit waiver of AGLIC's right to remove requiring the party to include an express reservation of that right. The federal cases cited by Billings Clinic involved contract language materially different than that of the Policy language here. As Judge Cavan explained when he distinguished the holdings of those cases from his own, each case cited by Billings Clinic included forum selection clause language requiring the insurer to "submit to the jurisdiction" chosen by the insured and "abide by the final decision" of that court. (Doc. 24 at 5-7); *See, e.g., Perini Corp. v. Orion Ins. Co.*, 331 F.Supp. 453, 454-55 (E.D. Cal. 1971) ("the Insurers hereon, at the request of the Assured, will submit to the jurisdiction of any Court of

7

competent jurisdiction within the United States of America and will comply with all requirements necessary to give such Court jurisdiction"); *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991) ("we, at your request agree to submit to the jurisdiction of any Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court"); *Wilson v. Continental Cas. Co.*, 255 F.Supp. 622 (D. Mont. 1966) ("The Company agrees that upon request of the Insured or of the Insured's counsel it will voluntarily appear and submit itself to the jurisdiction of any court of the State of the Insured's residence having jurisdiction of the subject matter for the purpose of litigating any dispute that may arise between the Company and the Insured"). The Fifth Circuit, in *City of Rose City v. Nutmeg Ins. Co.*, acknowledged the importance of that submission language when that court reviewed the findings of similar cases stating:

> The *Perini* court held that "[u]ntil the clause is changed, ... the parties are entitled to expect that the clause now means what it has always meant—that 'submission' to a state tribunal precludes removal to a federal court." 331 F.Supp. at 455. Likewise, the *Malyon* court held that the provision in the policy before it "restricts the defendant to the Court in which suit is first begun against it, be it Federal or State." 88 F.Supp. at 503. In light of these consistent and well reasoned holdings, this court is persuaded that by including the "Service of Suit" endorsement in the general liability policy it issued to Rose City, Nutmeg ceded to Rose City (and therefore its assignees) the right to choose the forum in which any dispute would be heard, and has foregone its right to remove the action. As the court noted in *Capital Bank & Trust*, if Nutmeg had

wished to preserve the right to remove any action filed against it in state
court, it could easily have said so in the policy.

931 F.2d at 15.

The Policy language at issue here does not contain nearly that level of
specificity nor the crucial submission language. Instead, the clause simply provides
that "[a]ny disputes arising hereunder will be exclusively subject to the jurisdiction
of a court of competent jurisdiction within the USA." (Doc. 8 at 86). The clause
does not designate a specific court to try the matter, whether federal or state, it
does not cede authority to either party to file a lawsuit, nor does it constrain
AGLIC to abide by the rules and decision of any identified tribunal. Given this
language, the Court agrees with Judge Cavan and cannot find that the Policy's
forum selection clause waived AGLIC's right to remove or so restricted either
parties' ability to file a lawsuit as to require AGLIC to expressly reserve its right to
remove.

### B. *Whether the Plain Terms of the Forum Selection Clause Permitted AGLIC to Remove the Present Action to Federal Court.*

Noted above, Judge Cavan found that the Policy's forum selection clause
permitted AGLIC to remove the case to federal court because the clause did not
designate a specific court as having jurisdiction and require AGLIC to submit to
that court. (Doc. 24 at 9). Billings Clinic argues this finding was in error, asserting
that "[t]he forum selection clause in the Policy is a mandatory forum selection

9

clause that binds the AGLIC to submit to the court in the United States chosen by Billings Clinic – here, the Montana Supreme Court – and, thus, waives AGLIC's right to removal." (Doc. 25 at 7).

However, this Court has already determined that the Policy's forum selection clause is not as restrictive as Billings Clinic attempts to make it appear. The cases cited by Billings Clinic for support of its argument suffer the same flaw as those cited in support of its argument that AGLIC was required to reserve its right to removal—the forum selection clauses at issue all included the submission language absent here. Without those more restrictive terms, the Court agrees with Judge Cavan that the terms of the Policy's forum selection clause are materially different from those terms found in *Perini, Nutmeg,* and *Wilson*, and the determinations of those cases are unpersuasive here. An insurance policy's terms must be given their usual meaning determined through common sense. *Hardy v. Progressive Specialty Ins. Co.*, 67 P.3d 892, 896 (Mont. 2003).  The plain terms of the Section 6.09 are not ambiguous and do not constitute a waiver of AGLIC's right to remove a dispute to federal court nor otherwise restricts AGLIC's ability to exercise that right. Therefore, as neither party contests that diversity jurisdiction exists, AGLIC properly removed the case to federal court under the Policy's forum selection clause.

## IV.   CONCLUSION

**IT IS ORDERED** that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 24) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Plaintiff Billings Clinic's Motion for Remand (Doc. 9) is **DENIED**.

DATED this __8th__ day of February, 2022.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge

11